```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANA YSABEL COLON,                                          :
                                                           :
                        Plaintiff,                         :
                                                           :         OPINION AND ORDER
            -against-                                      :    ON MOTION FOR ATTORNEY'S FEES
                                                           :           19-CV-2880 (KHP)
Commissioner of Social Security,                           :
                                                           :
                        Defendant.                         :
-----------------------------------------------------------X
```

**KATHARINE H. PARKER, United States Magistrate Judge**.

Before the Court is Plaintiff's counsel's motion for reasonable attorney's fees in the amount of $18,249.79 pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) ("Section 206(b)").  (ECF No. 31.)  For the reasons set forth below, the motion is GRANTED.

### BACKGROUND

Plaintiff's counsel, Howard D. Olinsky ("Petitioner") represented Plaintiff in this action for judicial review of Defendant's decision denying Plaintiff Disability Insurance Benefits. Petitioner represented Plaintiff pursuant to a contingency fee agreement that provided that Petitioner would receive 25% of any past due benefits awarded to Plaintiff.  (ECF No. 31, Ex. A.)

Plaintiff ultimately prevailed in her case and obtained a remand to the Social Security Administration ("SSA") for further proceedings.  (ECF No. 25.)  Petitioner then applied for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), which allows the court to award attorney's fees to a party prevailing against the United States in court where the Government's litigation position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

(ECF No. 29.)  On April 4, 2020, this Court granted Petitioner's application for $6,983.20 in attorney's fees and $16.80 in expenses pursuant to the EAJA.[1]

Following remand, the SSA conducted further proceedings and, on October 21, 2022, advised that Plaintiff was due benefits, including past due benefits in the amount of $72,999. (ECF No. 31, Ex. B.)  The SSA withheld $18,249.78 from the total past due benefits to pay a possible attorney's fee request pursuant to Section 206(b), which provides that when a disability claimant is successful in federal court, the court may authorize payment of "reasonable" attorney's fees up to 25% of past due benefits.  42 U.S.C. § 406(b)(1)(A).

Petitioner now moves for an award of attorney's fees pursuant to Section 206(b). Unlike attorney's fees awarded pursuant to the EAJA, which are paid by the Government, fees awarded pursuant to Section 206(b) are payable from the claimant's past due benefits. Accordingly, Defendant has no direct financial stake in the outcome of this fee application, but it may "play[ ] a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6. (2002).  Fee awards may be made under both EAJA and Section 206(b)(1), provided the attorney refunds the claimant the amount of the smaller fee.  *Id.* at 796.

Petitioner requests $18,249.79 in attorney's fees and submitted an affirmation stating that on receipt of such payment, he will refund the attorney's fee previously awarded pursuant to the EAJA.  (ECF No. 31-1.)  Petitioner submitted time records showing that his firm logged 40.6 hours representing Plaintiff before this Court.  Of this time, 33.1 hours were attorney time,

---

[1]  EAJA fees are determined based on the time expended and the attorney's hourly rate.  *Id.* § 2412(d)(1)(B).

and 7.5 hours were paralegal time. If the paralegal time is billed at $100 per hour, the effective hourly attorney rate is $528.69.

Defendant filed a response to Petitioner's motion conceding that the motion was timely filed and that the amount requested falls within the 25% cap, and deferring to the Court to determine whether the requested fee is reasonable. (ECF No. 33.)

**ANALYSIS**

In determining the reasonableness of a fee request pursuant to Section 206(b), the court must ensure the contingency percentage is within the 25% cap; that there is no evidence of fraud or overreach in the agreement between the plaintiff and the attorney-petitioner; and that the requested fee does not result in an improper windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In evaluating whether the requested amount is a windfall, the court should consider factors including the ability, expertise, and efficiency of the lawyers; the nature and length of the professional relationship with the claimant; the claimant's satisfaction; and whether it was uncertain that the case would result in an award of benefits and the effort it took to achieve that result. *Fields v. Kijakazi*, 24 F.4th 845, 854-56 (2d Cir. 2022). In conducting this evaluation, the court should be mindful of the importance of "encouraging truly good lawyers to take on" social security disability cases. *Id.* at 489.

The Court finds that the requested attorney's fees are reasonable. The amount requested does not exceed 25% of the benefits awarded and therefore falls within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement. There is also no evidence of a windfall here. Petitioner is an experienced attorney who has successfully represented numerous social security claimants in this district. His de facto hourly rate of

$528.69 is within the range generally approved for this type of matter. *See Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (approving hourly rate of $711.53 and collecting social security cases with hourly fees exceeding $1,000). The number of hours spent on this case is also within the amount typically considered reasonable for such cases and can be considered an efficient use of attorney time. *See, e.g.*, *Guzman ex rel. Nelson v. Comm'r of Soc. Sec.*, 2008 WL 1318920, at *2 (S.D.N.Y. Apr. 9, 2008). Moreover, Petitioner achieved a favorable decision from the SSA on behalf of his client, amounting to a "satisfying result." *Fields*, 24 F.4th at 855 (explaining that where the claimant achieved a fully favorable decision from the SSA, this weighed against a finding of a windfall, even where the de facto hourly rate was very high). It was also uncertain that this case would result in an award of benefits at the time Petitioner agreed to represent Plaintiff, and given the risk of non-recovery, this is not a case involving an "unearned advantage" amounting to a windfall. *Id.*

Finally, although Petitioner was previously awarded attorney's fees pursuant to the EAJA, these fees will be refunded to Plaintiff.

## CONCLUSION

For the above reasons, the Court authorizes an award of attorney's fees of $18,249.79. On receipt of payment, Petitioner shall refund to Plaintiff the attorney's fees previously received under the EAJA.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 31.**

SO ORDERED.

Dated:   February 27, 2023
        New York, New York                          KATHARINE H. PARKER
                                                              United States Magistrate Judge